# EXHIBIT 5

JinksCrow
TRIAL LAWYERS

Christina D. Crow
Attorney at Law
christy.crow@jinkscrow.com

Karla Shivers, Paralegal
karla.shivers@jinkscrow.com

September 15, 2026

**DELIVERY METHOD**
**VIA EMAIL ONLY**

Joseph R. Saveri
Saveri Law Firm
jsaveri@saverilawfirm.com

Gregory P. Hansel
Preti, Flaherty, Beliveau & Pachios, LLP
ghansel@preti.com

Michael J. Flannery
Cuneo Gilbert Flannery & LaDuca, LLP
mflannery@cuneolaw.com

Stephen R. Basser
Barrack, Rodos & Bacine
sbasser@barrack.com

**Re:** *In re Fire Apparatus Antitrust Litigation*, Case No. 2:26-md-03179-WCG

Counsel,

We write in response to your letter dated September 2, 2026, concerning the Annual Tennessee Fire Chiefs' Leadership Conference and the Court's July 13, 2026, Order (ECF No. 126) in *In re Fire Apparatus Antitrust Litigation*, Case No. 2:26-md-03179-WCG. We appreciate the opportunity to respond to clarify the record.

We were invited to come to the conference to inform attendees generally about

issues affecting the fire apparatus industry that underlie this litigation. I spoke at the conference. Part of the presentation included discussion, at a high level, the existence of non-class actions and putative class actions in the multidistrict litigation.

We also had a booth in the exhibit hall. No written materials were distributed at the booth or provided at the conference. The QR code linked to a webpage where those who desired more information could provide their contact information. That webpage did not reference the pending litigation. No display at the booth referenced any specific litigation. This is consistent with the same type information that is contained on counsel for a putative class rep's own website. See https://www.wolfpopper.com/cases-investigations/fire-truck-antitrust-litigation.

The conversations at the booth consisted primarily of listening to attendees concerns regarding fire apparatus pricing. Attendees who raised potential concerns were encouraged to speak with their city attorneys regarding any claims they might wish to pursue. If asked about the litigation, I explained that there were putative class and non-class actions pending in an MDL.

Jinks Crow, P.C. and Prince Glover Hayes are not agents of Simonsen Sussman LLP or Baron & Budd, P.C. Jinks Crow, P.C. and Prince Glover Hayes are co-counsel with those firms in the Tuscaloosa action only. Apart from working together on that specific case, there is no joint prosecution, referral, or fee sharing agreement.

Jinks Crow, P.C. and Prince Glover Hayes discontinued the use of printed brochures following the Court's July 13th Order. Individuals who received that brochure from our respective firms were disclosed pursuant to the Order.

Jinks Crow, P.C. and Prince Glover Hayes do not believe we are subject to or, if we were arguably subject to it, in violation of the Court's Order. We trust we have addressed your concerns and remain willing to discuss these matters further and to address any specific, reasonable requests for information.

Sincerely,

Christy Crow

Christy Crow
Jinks Crow, P.C.

cc: Joshua P. Hayes, Prince Glover
Hayes (via electronic mail)